UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CHAD LEON SAYERS,<br><br>                              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | **MEMORANDUM DECISION AND ORDER DENYING [1] MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:25-cv-00649-DBB<br><br>District Judge David Barlow |

The matter before the court is Petitioner Chad Leon Sayers's ("Mr. Sayers") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1] The government filed a response to which Mr. Sayers did not reply.[2] For the reasons below, the court denies the motion without a hearing.[3]

## BACKGROUND

A grand jury indicted Mr. Sayers for two counts of wire fraud, three counts of securities fraud, and one count of spending more than $10,000 in criminal proceeds.[4] He was released pretrial with several conditions, including that he was "[n]ot to seek any investments or conduct any fundraisers."[5] Mr. Sayers, however, sought investments in a new company during his pretrial

---

[1] Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Mot. to Vacate"), ECF No. 1, filed Aug. 4, 2025.
[2] Opp'n, ECF No. 6.
[3] Generally, a hearing is required only if there is a genuine factual dispute. *See United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019) (citing *Machibroda v. United States*, 368 U.S. 487, 494–95 (1962)). If the record "conclusively show[s] that the prisoner is entitled to no relief[,]" then a hearing is unnecessary. § 2255(b).
[4] Indictment, ECF No. 1, filed May 26, 2021 in Crim. Case No. 2:21-cr-229 ("Crim Case I").
[5] Order Setting Conditions of Release, ECF No. 14 at ¶ 6(p), filed June 22, 2021 in Crim. Case I.

release and made several misrepresentations to investors.[6] Most relevant to this motion, he omitted his previous business's failure, his status as a defendant in civil suits connected to that business, and the fact that he had been indicted for fraud.[7]

A grand jury again indicted Mr. Sayers, this time for one count of criminal contempt for violating his pretrial release condition and two counts of attempted wire fraud.[8] Mr. Sayers went to trial and was convicted on all three counts.[9] The sentencing guideline range was 33–41 months, and the district court sentenced him to 30 months for counts 1–3, a consecutive sentence of 11 months under 18 U.S.C. § 3147, and 3 years of supervised release.[10]

Following sentencing in his second case, Mr. Sayers's attorneys engaged in plea negotiations with counsel for the United States on his first case.[11] Mr. Sayers's counsel suggested he plead guilty to two misdemeanors and receive an additional 19 months of incarceration.[12] The prosecutors considered but ultimately rejected the suggested misdemeanor plea.[13] Instead, their offer was a plea to a single count of securities fraud, full restitution, and incarceration for 19–29 months, to be served either consecutively or concurrently to Mr. Sayers's current sentence at the court's discretion.[14] Because Mr. Sayers could face 8–10 additional years in prison if convicted, the government described its offer as a "screaming hot deal."[15] Yet, at the urging of their client, Mr. Sayers's counsel attempted "to make one last push for a misdemeanor"

---

[6] Opp'n, 3.
[7] *Id.* 3–4.
[8] Presentence Report 4, ECF No. 100, filed July 8, 2024 in Crim. Case I.
[9] *Id.*
[10] Judgment, ECF No. 104 at 2–3, filed July 17, 2024 in Crim. Case I.
[11] Opp'n 4.
[12] *Id.*
[13] *Id.*, Exs. 1–2.
[14] *Id.*, Ex. 2.
[15] *Id.*

and described to the prosecutors the favorable evidence they believed they could present.[16] The prosecutors ultimately declined to modify the plea, even after Mr. Sayers's counsel made additional suggestions to its language.[17]

At a change of plea hearing, the court conducted a thorough plea colloquy.[18] Under oath, Mr. Sayers expressed satisfaction with his counsel, stated he decided to enter the plea "after full and careful thought with the advice of counsel," and acknowledged he was giving up certain rights as part of the plea.[19] Among many other questions, the court asked Mr. Sayers, "You have discussed this case and your plea with your lawyer as much as you wish and have no additional questions. Is that correct?"[20] Mr. Sayers confirmed, "That is correct."[21] Mr. Sayers pled guilty to one count of securities fraud.[22] In his statement in advance of plea, Mr. Sayers acknowledged he had "failed to disclose to investors that [he] was being sued by prior investors for failing to repay promissory notes as agreed."[23] He also agreed to waive his right to challenge the sentence "in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel."[24] The court accepted his plea and sentenced Mr. Sayers to 29 months in prison, with 15 months to run consecutively to his current sentence and 14 months to run concurrently.[25]

---

[16] *Id.*, Ex. 4.

[17] *Id.*, Exs. 3, 5–6.

[18] *Id.*, Ex. 7 (Change of Plea Hearing Transcript).

[19] *Id.* at 8–21.

[20] *Id.* at 21.

[21] *Id.*

[22] ECF No. 103, Crim. Case I.

[23] Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. 11(c)(1)(C) ("Statement"), ECF 97, filed June 10, 2024 in Crim. Case I.

[24] *Id.* ¶ 12(e)(2).

[25] Judgment, ECF No. 104, entered July 17, 2024 in Crim. Case I.

Mr. Sayers timely filed a § 2255 motion, alleging that his counsel were ineffective in negotiating his plea, in not investigating exculpatory evidence, and in failing to challenge alleged inaccuracies in the presentence report.[26] He also alleged that his plea was "involuntary and uninformed" and that the prosecution made material misrepresentations amounting to misconduct.[27]

## STANDARD

A federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[28] The prisoner must show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"[29] "The standard of review under § 2255 is quite stringent."[30] A motion under 28 U.S.C. § 2255 is a collateral challenge; it is not a substitute for a direct appeal.[31] "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."[32] Courts typically grant relief where a court entered "convictions and sentences . . . without jurisdiction," "the sentence imposed was outside of the statutory limits," "a constitutional error occurred," or "a non-constitutional error of law or an error of fact occurred that constituted a fundamental defect which inherently resulted in a

---

[26] *See* Mot. to Vacate.
[27] *Id.*
[28] 28 U.S.C. § 2255(a).
[29] *Id.*
[30] *Palmer v. United States*, No. 2:16-cv-00987, 2017 WL 1533447, at *1 (D. Utah Apr. 27, 2017) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).
[31] *Frady*, 456 U.S. at 165.
[32] *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

complete miscarriage of justice[.]"[33] As Mr. Sayers proceeds pro se, the court "construe[s] his arguments liberally."[34] But the court does not act as his advocate.[35]

## DISCUSSION

Mr. Sayers challenges his sentence under § 2255 on the grounds of an involuntary plea, prosecutorial misconduct, and ineffective assistance of counsel. The court addresses each claim in turn.

**I.    Mr. Sayers's Plea Was Knowing and Voluntary.**

The court considers the totality of the plea agreement in assessing whether the plea was knowing and voluntary.[36]

According to Mr. Sayers, his plea was involuntary, uninformed, and coerced.[37] He asserts ignorance of the "details" of the agreement, that he saw no written summary of it, and had only "minutes" to decide whether to plead or face an "eight-year sentencing enhancement."[38] Mr. Sayers cites no evidence for these statements, and the record belies them.

The written plea agreement contains all of the "details" of his plea. Over about eight pages, the offense elements, penalties, waiver of trial rights, admission of facts providing the plea basis, stipulated sentence, appeal waiver, restitution, and forfeiture are set forth in detail.[39] Mr. Sayers signed the agreement.[40] There is no evidence that Mr. Sayers did not see the plea agreement or was unaware of its details. Instead, the record shows the opposite.

---

[33] *Fields*, 949 F.3d at 1246 (quoting *Addonizio*, 442 U.S. at 185–86).
[34] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).
[35] *Luo v. Wang*, No. 22-1200, 2023 WL 4307475, at *1 (10th Cir. 2023).
[36] *United States v. Rollings*, 751 F. 3d 1183, 1189-90 (10th Cir. 2014).
[37] Mot. to Vacate 15.
[38] *Id.*
[39] Statement 1–8, Crim Case I.
[40] *Id.* at 8.

At the plea hearing, the court reviewed the plea agreement with Mr. Sayers at length.[41] Mr. Sayers confirmed his understanding of the agreement's terms, including the offense's elements, the penalties, the facts describing his conduct (specifically affirming that they were all accurate, true, and correct), and the court's sentencing procedure.[42] Mr. Sayers' attorney also confirmed that she had reviewed the agreement with Mr. Sayers paragraph by paragraph.[43] When asked by the court if all his questions about the agreement were answered, Mr. Sayers answered, "Yes." As to his waiver of the right to appeal, Mr. Sayers stated, "I do. Yep, I do agree, Your Honor."[44] The court asked Mr. Sayers to confirm the plea agreement's accuracy that "[n]o one has made any threats, promises or representations to you that have caused you plead guilty, other than the provisions set forth in this agreement." Mr. Sayers responded, "It is correct."[45] The court inquired whether Mr. Sayers had "discussed this case and your plea with your lawyer as much as you wish and you have no additional questions." Mr. Sayers answered, "That is correct."[46] When asked whether he was satisfied with his lawyer, Mr. Sayers replied, "Very much so."[47] He then was asked if it was correct that "this plea was made after full and careful thought with the advice of counsel and with a full understanding of your rights and the facts and circumstances of the case and the consequences of the plea." Mr. Sayers confirmed that it was.[48] He also averred that he had "no mental reservations about the plea."[49] Mr. Sayers then

---

[41] Opp'n, Exhibit 7 at 8-30.
[42] *Id*.
[43] *Id*. at 16.
[44] *Id*. at 19.
[45] *Id*. at 21.
[46] *Id*.
[47] *Id*.
[48] *Id*. at 21-22.
[49] *Id*. at 22.

acknowledged that he was "free to change or delete anything contained in this statement" but did not want to make changes because "all the terms and all the statements are correct."[50] Finally, Mr. Sayers pled guilty.

Mr. Sayers also contends that his counsel insufficiently advised him about trial prospects, defenses, and strategy. In specific, he faults his attorneys for not raising exculpatory evidence from the company's CFO and not challenging investor input about the proposed plea. Again, the record shows otherwise. Correspondence between defense counsel and the prosecutors demonstrates that defense counsel argued the defenses Mr. Sayers says were omitted.[51] The correspondence also shows that defense counsel were in communication with Mr. Sayers on these defenses, strategy, and his desire for misdemeanor pleas.[52]

On the basis of the foregoing, the court finds that Mr. Sayers's plea was knowing and voluntary. He identified no evidence of ignorance in general or of specifics, that he had only minutes to decide what to do, or that he was in any way coerced into pleading. His claims of lack of development of defenses and communication about strategy and alternatives are unsupported. And the record clearly rebuts his assertions.

## II.    Mr. Sayers Knowingly and Voluntarily Waived His Right to File a § 2255 Motion Except for Ineffective Assistance Claims.

As part of his plea agreement, Mr. Sayers "knowingly, voluntarily, and expressly waive[d] his right to challenge [his] sentence . . . in any collateral review motion, . . . including . . . a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective

---

[50] *Id*.
[51] Opp'n, Exhibits 1, 3, and 5.
[52] *Id*.

assistance of counsel."[53] Yet now Mr. Sayers asserts challenges to his sentence on the grounds of prosecutorial misconduct.

To determine whether to enforce a waiver, the court considers "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[54] Courts "'strictly construe' the waiver and read any ambiguities 'against the Government and in favor of a defendant's appellate rights.'"[55]

The claim of prosecutorial misconduct in Mr. Sayers's § 2255 motion falls squarely within the waiver provision. As noted above, Mr. Sayers waived his right to any appellate or collateral review of any issue, "except on the issue of ineffective assistance of counsel."[56] A § 2255 claim based on prosecutorial misconduct falls within this broad waiver.

And the court can find no evidence Mr. Sayers unknowingly or involuntarily waived his rights.[57] To the contrary, the signed agreement indicates Mr. Sayers "knowingly, voluntarily, and expressly waive[d] [his] right to appeal any sentence . . . ."[58] He understood and agreed "that the word 'sentence' appearing throughout th[e] waiver provision [wa]s being used broadly and applie[d] to all aspects of the [c]ourt's sentencing authority[.]"[59] He also "knowingly, voluntarily, and expressly waive[d] [his] right to challenge [the] sentence . . . in any collateral

---

[53] Statement 5, at ¶ 12(e)(2), Crim. Case I.
[54] *United States v. Loumoli*, 13 F.4th 1006, 1007 (10th Cir. 2021) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam)).
[55] *Id.* (quoting *Hahn*, 359 F.3d at 1325).
[56] Statement 5, at ¶ 12(e)(2), Crim. Case I.
[57] *See id.* at ¶ 7 ("My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.").
[58] *Id.* ¶ 12(e)(1).
[59] *Id.* ¶ 12(e)(4).

review motion, . . . including . . . a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel."[60] At the plea hearing, after conducting a thorough colloquy, the court also found that Mr. Sayers entered the plea "freely and voluntarily with full knowledge of his legal rights and the consequences."[61]

Enforcing the waiver will not result in an injustice. A miscarriage of justice arises "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel *in connection with the negotiation of the waiver* renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful."[62] The list "is exclusive[.]"[63] None of these four factors apply here. Therefore, Mr. Sayers cannot now allege prosecutorial misconduct. The waiver bars this claim in his § 2255 motion.

In sum, Mr. Sayers's prosecutorial misconduct claim fails.

## III.    Mr. Sayers Has Not Established Ineffective Assistance of Counsel.

Mr. Sayers next argues his counsel were ineffective in negotiating his plea, in not investigating exculpatory evidence, and in failing to challenge alleged inaccuracies in the presentence report.[64]

"A defendant may establish cause for procedural default by showing he received ineffective assistance of counsel."[65] "The Sixth Amendment guarantees a right to the effective

---

[60] *Id.* ¶ 12(e)(2).
[61] Opp'n, Ex. 7 at 28.
[62] *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1216 (10th Cir. 2008) (citation omitted)(emphasis supplied).
[63] *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008).
[64] *See* Mot. to Vacate.
[65] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

assistance of counsel."[66] To establish ineffective assistance of counsel, a defendant must prove

that his representation "fell below an objective standard of reasonableness," and that he was

prejudiced from his counsel's "deficient performance."[67] Because both elements must be met to

demonstrate ineffective assistance, a "court need not first determine whether counsel's

performance was deficient."[68] To establish prejudice in the context of a § 2255 motion, a

"defendant must show that there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial."[69]

Mr. Sayers does not make this showing. Instead, he mischaracterizes his counsel's

actions during plea negotiations—overlooking the requests they made with prosecutors to

consider a misdemeanor resolution—and argues he reasonably could have had his three felonies

converted to a misdemeanor plea.[70] For support, he points to what he considers to be "evidence

undermining the government's theory of fraud."[71] Yet none of the evidence he cites would have

cured the undisputed fact that he failed to disclose the lawsuits against him from prior investors

to which he pled guilty. This lack of defense coupled with the fact Mr. Sayers was already

serving a 41-month sentence for wire fraud and faced the prospects of an additional 8-10 years if

he went to trial is fatal for a showing of prejudice: "A defendant without any viable defense will

be highly likely to lose a trial. And a defendant facing such long odds will rarely be able to show

---

[66] *United States v. Hohn*, 123 F.4th 1084, 1092 (10th Cir. 2024) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).
[67] *Strickland*, 466 U.S. at 687–88.
[68] *Id.* at 697. *See id.* ("If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").
[69] *United States v. Orozco-Sanchez*, 804 Fed. App'x 952, 958 (10th Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).
[70] Mot. to Vacate 2.
[71] *Id.*

prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial."[72] Likewise, Mr. Sayers has not articulated how he could have received a more favorable outcome had he gone to trial, or that he has "insisted on going to trial."[73] Because that is the required showing for prejudice in a § 2255 motion, Mr. Sayers has not met his burden of establishing prejudice.[74] Consequently, his ineffective assistance claims fail.

Because his ineffective assistance allegations are Mr. Sayers' primary focus, the court elects to further discuss them briefly. Mr. Sayers fails to show that his counsel's performance was deficient in any material way, much less that it "fell below an objective standard of reasonableness."[75] He faults them for failing to pursue a misdemeanor plea, use evidence from the company's CFO, and challenge allegedly erroneous statements in the presentence report about the purchase of an office building and $1.7 million in American Express charges. But Mr. Sayers's lawyers did pursue a misdemeanor plea, used evidence from the company's CFO, and challenged the view that the $1.7 million in American Express charges were for personal expenses.[76] And there was no erroneous statement in the presentence report about Mr. Sayers purchasing a building—the reports correctly says that the building was rented.[77] Finally, regarding the American Express charges, the presentence report concludes that they were incurred by Mr. Sayers and his employees and that the cards were used for both business and

---

[72] *Lee v. United States*, 582 U.S. 357, 367 (2017); *see also United States v. Palmer*, 630 Fed. App'x 795, 797 (10th Cir. 2015) (unpublished)).

[73] *Orozco-Sanchez*, 804 Fed. App'x at 958 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[74] *See id.*; *see also State v. Dominguez*, 998 F.3d 1094, 1115 (10th Cir. 2021) (concluding that defendant did not show prejudice where he did "not come close to showing that ostensible weaknesses in the government's proof of guilt would have made it rational for him to forgo his very favorable plea agreement").

[75] *Strickland*, 466 U.S. at 692.

[76] Opp'n, Exhibits 1, 4, and 5.

[77] PSR ¶ 16, Crim Case I.

personal expenses. Mr. Sayers has presented no evidence that this statement is inaccurate. He does not allege that he was deprived of an opportunity to dispute it at sentencing, nor does he present any reason to believe it influenced his sentence. Mr. Sayers's concerns about his counsel do not show deficiency, much less the required finding that counsel's performance was not "within the range of competence demanded of attorneys in criminal cases."[78]

## IV.    The Court Does Not Issue a Certificate of Appealability.

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[79] To merit a certificate, the prisoner must make "a substantial showing of the denial of a constitutional right."[80] "Such a showing is made only where a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."[81] Mr. Sayers's motion does not suggest any plausible denial of his constitutional rights. As a result, the court will not issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the court DENIES Mr. Sayers's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[82] A Certificate of Appealability is DENIED.

---

[78] *Strickland*, 466 U.S. at 687 (cleaned up).
[79] Rules Governing § 2255 Proceedings for the U.S. Dist. Cts., R. 11(a) (Eff. Feb. 1, 1977, as amended Jan. 5, 2023).
[80] 28 U.S.C. § 2253(c)(2).
[81] *Pinson*, 584 F.3d at 975 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[82] ECF No. 1.

Signed March 11, 2026.

BY THE COURT

_____
David Barlow
United States District Judge